[Cite as *State v. Rollison*, 2025-Ohio-72.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                 CASE NO. 9-24-21

    v.

RICHARD EUGENE ROLLISON,         O P I N I O N

    DEFENDANT-APPELLANT.

---

**Appeal from Marion County Common Pleas Court**
**General Division**
**Trial Court No. 23-CR-421**

**Judgment Affirmed**

**Date of Decision: January 13, 2025**

---

APPEARANCES:

    *Joseph Edwards* **for Appellant**

    *Martha Schultes* **for Appellee**

**WALDICK, P.J.**

{¶1} Defendant-appellant, Richard Rollison ("Rollison"), brings this appeal from the May 22, 2024 judgment of the Marion County Common Pleas Court sentencing him to prison after a jury found him guilty of Aggravated Possession of Drugs and Possession of Cocaine. On appeal, Rollison argues that there was insufficient evidence to convict him of the charges. For the reasons that follow, we affirm the judgment of the trial court.

*Background*

{¶2} On October 4, 2023, Rollison was indicted for Aggravated Possession of Drugs (methamphetamine) in violation of R.C. 2925.11(A)/(C)(1)(c), a second degree felony, and Possession of Cocaine in violation of R.C. 2925.11(A)/(C)(4)(a), a fifth degree felony. Rollison pled not guilty to the charges.

{¶3} Rollison proceeded to a jury trial wherein he was convicted of both charges. On May 24, 2024, Rollison was sentenced to serve an indefinite prison term of 8-12 years on the Aggravated Possession of Drugs charge, and a consecutive 12 month prison term on the Possession of Cocaine charge. It is from this judgment that Rollison appeals, asserting the following assignment of error for our review.

**Assignment of Error**

**The court erred in deciding that the evidence was sufficient enough to determine that beyond a reasonable doubt the**

**appellant was guilty of aggravated possession of drugs and possession of cocaine.**[1]

{¶4} In his assignment of error, Rollison argues that there was insufficient evidence presented to convict him of Aggravated Possession of Drugs and Possession of Cocaine. However, the arguments Rollison makes in his brief focuses in part on his own testimony in his defense. Thus, Rollison seems to be arguing that his convictions were also against the manifest weight of the evidence. In the interests of justice, we will review both the sufficiency of the evidence and the weight of the evidence.

Standard of Review

{¶5} It is well established that "[t]he legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." *State v. Thompkins*, 78 Ohio St.3d 380 (1997), paragraph two of the syllabus.

{¶6} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio

---

[1] In the wording of his stated assignment of error, Rollison contends that the evidence did not support his conviction for Possession of Cocaine. However, in Rollison's brief he specifically states, "Appellant accepts responsibility for the cocaine found on his person at the time of his arrest[.]" (Appt.'s Br. at 5).

St. 3d 259 (1991), paragraph two of the syllabus. Consequently, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 2013-Ohio-4775, ¶ 33 (1st Dist.).

{¶7} By contrast, when reviewing whether a verdict was against the manifest weight of the evidence, the appellate court sits as a "thirteenth juror" and examines the conflicting testimony. *Thompkins* at 387. In doing so, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the factfinder "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Id.* When applying the manifest-weight standard, "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court overturn the trial court's judgment." *State v. Haller*, 2012-Ohio-5233, ¶ 9 (3d Dist.), quoting *State v. Hunter*, 2011-Ohio-6524, ¶ 119.

Controlling Statutes

**{¶8}** Rollison was convicted of Aggravated Possession of Drugs (methamphetamine) in violation of R.C. 2925.11(A)/(C)(1)(c), which reads as follows:

> (A) No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog.
>
> * * *
>
> (C) Whoever violates division (A) of this section is guilty of one of the following:
>
> (1) If the drug involved in the violation is a compound, mixture, preparation, or substance included in schedule I or II, with the exception of marihuana, cocaine, L.S.D., heroin, any fentanyl-related compound, hashish, and any controlled substance analog, whoever violates division (A) of this section is guilty of aggravated possession of drugs. The penalty for the offense shall be determined as follows:
>
> * * *
>
> (c) If the amount of the drug involved equals or exceeds five times the bulk amount but is less than fifty times the bulk amount, aggravated possession of drugs is a felony of the second degree, and the court shall impose as a mandatory prison term a second degree felony mandatory prison term.

**{¶9}** Rollison was also convicted of Possession of Cocaine in violation of R.C. 2925.11(A)/(C)(4)(a). The provision of R.C. 2925.11 related to the amount of cocaine in this case reads as follows:

(4) If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine. The penalty for the offense shall be determined as follows:

(a) Except as otherwise provided in division (C)(4)(b), (c), (d), (e), or (f) of this section, possession of cocaine is a felony of the fifth degree, and division (B) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.

### Evidence Presented

**{¶10}** Detective Baldridge of the Marion Police Department obtained a search warrant for 350 Fahey Street in Marion. The property contained a house, a detached garage, and a "motor home" near the detached garage. Rollison was staying in the motor home while a couple stayed in the house. Rollison used the detached garage to run a mechanical and electrical repair business.

**{¶11}** Law enforcement officers conducted surveillance on the address prior to executing the search warrant in hopes of taking Rollison "into custody while he was outside." (Tr .at 123). Officers were able to take Rollison into custody while he was outside, and a search of the premises was then undertaken. There were four or five people present on the property at the time of the search, including Rollison.

**{¶12}** Officer Colin Lowe of the Marion Police Department conducted a search of the detached garage. Officer Lowe located a "black Nike bag" that "resembled a lunch box" on a work bench in the detached garage. (Tr. at 99). When he opened the bag, he found digital scales, a baggy of marijuana, miscellaneous drug

paraphernalia, and a bag "like a pop rocks kind of Ziploc bag" that contained suspected methamphetamine. (*Id.*) The substance was sent to the lab and determined to be just over 22 grams of methamphetamine.

**{¶13}** Rollison was brought into the garage and asked by the officers about the bag. He affirmatively stated that the Nike bag was his and that the methamphetamine inside the bag was his. He said he did not know how much methamphetamine was in the bag, but he said it was likely "at least 7 grams." Rollison also admitted to having crack-cocaine in his pocket.

**{¶14}** During the search of the premises, officers also located a small amount of methamphetamine in the room of Richard and Rachel Patrick, and another "crystal substance" was found in the motor home.

**{¶15}** At trial, Rollison testified in his own defense that the crack-cocaine in his pocket was given to him by another individual that morning. He testified that he saw two other people in the house around his Nike bag before the search. He said he wanted to take the blame at the time the drugs were found because he did not want anyone else to get in trouble; however, he was surprised by the amount of methamphetamine in the Nike bag. Rollison testified he had 7 grams and never had 22. He suggested that other people on the property must have hidden more methamphetamine in the bag.

Analysis

{¶16} Rollison makes numerous arguments contending that the evidence did not support his convictions. He argues that there was a discrepancy regarding the amount of drugs found in the detached garage. He argues that he was not the only person present on the property and he argues that he was not the only person who had access to the black Nike bag.

{¶17} Dealing first with the sufficiency of the evidence, the State presented evidence that there was 22 grams of methamphetamine in a bag in a detached garage at 350 Fahey Street. The State presented evidence that Rollison used the garage for his personal business. At the scene, Rollison claimed that the bag was his and that the methamphetamine inside the bag was his. Rollison stated he did not know how much methamphetamine he had, but he said he had at least 7 grams. Rollison's statement was recorded on body camera footage and presented to the jury. Rollison also acknowledged that he had crack-cocaine in his pocket.

{¶18} Given that the drugs were found during the search and Rollison acknowledged they were his, when looking at the evidence in the light most favorable to the State as we are directed in a sufficiency review, we find that sufficient evidence was presented to convict Rollison of possession of methamphetamine as charged and possession of cocaine.

{¶19} We turn now to the weight of the evidence. Rollison contends that other people in the residence had access to the Nike bag, and that he saw people

"messing" with it prior to the search. He suggests that other people must have hid their methamphetamine in the Nike bag so they would not get in trouble. Further he argues that the bag of methamphetamine was not fingerprinted to prove his point.

{¶20} Contrary to Rollison's arguments, Rollison claimed at the scene that the methamphetamine in the bag was his. He even stated he did not know for certain how much he had. His later claim that he never had that much methamphetamine is a matter of credibility, and we will not second-guess the jury's determination on that issue.

{¶21} Moreover, there would have been little need to fingerprint the bag of methamphetamine given that Rollison claimed at the scene that the methamphetamine was his. The drugs were found in a bag he claimed was his, in a garage that he used for his business. Thus the evidence supported Rollison's conviction for possession of methamphetamine. *See State v. Carpenter*, 2019-Ohio-58 (3d Dist.)

{¶22} In sum, after reviewing the record, we do not find that this is one of the exceptional cases where the evidence weighs heavily against a conviction. Therefore, Rollison's assignment of error is overruled.

Conclusion

**{¶23}** Having found no error prejudicial to Rollison in the particulars assigned and argued, his assignment of error is overruled and the judgment of the Marion County Common Pleas Court is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and MILLER, J.J., concur.**

**/jlm**